Electronically Filed
3/4/2024 3:24 PM
Steven D. Grierson
CLERK OF THE COURT

**COMJD**
Christian A. Miles, Esq.
Nevada Bar No. 13193
Nihat Deniz Bayramoglu, Esq.
Nevada Bar No. 14030
**BAY LAW ACCIDENT ATTORNEYS**
1540 W Warm Springs Rd., Ste. 110
Henderson, NV 89014
Phone: (702) 710-7000
Fax: (702) 553-3404
Email: christian@baylawinjury.com
Email: deniz@baylawinjury.com
*Attorneys for Plaintiff*

CASE NO: A-24-888364-C
Department 2

### DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| PATRICIA DAVIS,<br><br>                    Plaintiff,<br><br>         vs.<br><br>JOHN WARNER, an individual; B.C. & T., INC., a Utah Corporation; DOE INDIVIDUALS 1 through 10; ROE BUSINESS ENTITIES 11 through 20,<br><br>                    Defendants. | Case No.:<br>Dept. No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff PATRICIA DAVIS, by and through her counsel of record, BAY LAW ACCIDENT ATTORNEYS, and for her Complaint against Defendants, alleges as follows:

### GENERAL ALLEGATIONS

1. At all times mentioned, Plaintiff PATRICIA DAVIS was and is a resident of Clark County, Nevada.

2. Plaintiff is informed, believes, and thereon alleges, at all times relevant hereto, Defendant JOHN WARNER was and is a resident of Juab County, Utah.

3. Plaintiff is informed, believes, and thereon alleges, at all times relevant hereto, Defendant B.C. & T., INC. was and is a business incorporated in the state of Utah.

4. All the facts and circumstances that gave rise to the subject lawsuit occurred in Clark County, Nevada.

5.  The true names of DOE INDIVIDUALS 1 through 10 and ROE BUSINESS ENTITIES 11 through 20, their citizenship and capacities, whether individual, corporate associate, partnership, or otherwise, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and therefore alleges that each of the Defendants, designated as DOE INDIVIDUALS 1 through 10 and ROE BUSINESS ENTITIES 11 through 20, are or may be legally responsible for the events referred to in this action and caused damages to Plaintiff, as herein alleged. Plaintiff will ask leave of this Court to amend the Complaint to insert the true names and capacities of such Defendants, when the same have been ascertained, and to join them in this action, together with the proper charges and allegations.

6.  DOE INDIVIDUALS 1 through 3 and ROE BUSINESS ENTITIES 11 through 13 are employers of Defendants who may be liable for Defendants' negligence pursuant to NRS 41.130, which states:

> Except as otherwise provided in NRS 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing the injury is employed by another person or corporation responsible for his conduct, that person or corporation so responsible is liable to the person injured for damages.

7.  DOE INDIVIDUALS 4 through 6 are immediate family members of Defendants who may be liable for Defendants' negligence pursuant to NRS 41.440, which states:

> Any liability imposed upon a wife, husband, son, daughter, father, mother, brother, sister or other immediate member of a family arising out of his or her driving and operating a motor vehicle upon a highway with the permission, express or implied, of such owner is hereby imposed upon the owner of the motor vehicle, and such owner shall be jointly and severally liable with his or her wife, husband, son, daughter, father, mother, brother, sister or other immediate member of a family for any damages proximately resulting from such negligence or willful misconduct, and such negligent or willful misconduct shall be imputed to the owner of the motor vehicle for all purposes of civil damages.

8.  Plaintiff is informed, believes, and thereon alleges that certain witnesses are known to Plaintiff as witnesses. However, Plaintiff does not yet know whether particular witnesses have culpability in this matter at this time. Once Plaintiff has determined the true

culpability of one or more of the DOE and ROE Defendants, she will amend this Complaint to set forth facts and claims alleging the actual culpability and to substitute such witnesses for DOE and ROE Defendants.

9. At all times mentioned herein, Defendants, and each of them, were agents, servants, partners, and employees of each and every other Defendant and were acting within the course and scope of their agency, partnership, or employment.

**FACTUAL ALLEGATIONS**

10. Plaintiff repeats and realleges every allegation set forth above as though fully set forth herein.

11. On or about January 12, 2023, Plaintiff was the restrained driver of a 2006 Mercury Mountaineer.

12. Defendant JOHN WARNER was the driver of a 2005 Peterbilt Truck Tractor owned by Defendant B.C. & T., INC. and/or DOE Defendants and/or ROE Defendants.

13. Defendant JOHN WARNER was an employee of Defendant B.C. & T., INC. and/or DOE Defendants and/or ROE Defendants, and was driving the 2005 Peterbilt Truck Tractor for his employer's benefit during working hours in the course and scope of his employment.

14. As Plaintiff and Defendant WARNER were traveling side-by-side in adjacent lanes on northbound I-15, a tire on Defendants' vehicle exploded, causing tire debris to strike Plaintiff.

15. The tires of Defendant B.C. & T., INC.'s Peterbilt Truck were negligently, poorly, and improperly maintained, which caused one of the tires to blow out while Defendant WARNER was driving the truck along the I-95 highway.

16. Defendant WARNER negligently ignored the signs of a poorly and improperly maintained tire while he was in control and operation of the Peterbilt Truck, which led to the tire blowout.

17.     Defendants failed to use due care and properly maintain the tires of Defendant B.C. & T., INC.'s Peterbilt Truck and acted negligently, carelessly, dangerously, and recklessly, thereby causing the subject tire blowout.

## FIRST CAUSE OF ACTION
### (Negligence, Negligence Per Se, and Respondeat Superior)

18.     Plaintiff repeats and realleges every allegation set forth above as though fully set forth herein.

19.     Defendants owed a duty of care to Plaintiff to maintain their vehicle in a careful and prudent manner.

20.     Defendants owed a duty of care to Plaintiff to operate their vehicle in a careful and prudent manner.

21.     Defendants breached their duty of care to Plaintiff by failing to maintain and operate their vehicle in a careful and prudent manner and by acting carelessly, dangerously, and recklessly.

22.     Defendants acted with conscious disregard for the health, safety, welfare, and life of Plaintiff when they failed to use due care to maintain and operate their vehicle in a careful and prudent manner.

23.     Defendant WARNER's actions were in violation of Nevada law, including NRS Chapter 484B et seq, constituting negligence per se.

24.     Defendant B.C. & T., INC. is liable for Plaintiff's damages pursuant to NRS 41.130.

25.     DOE Defendants are liable for Plaintiff's damages pursuant to NRS 41.130 and/or NRS 41.440.

26.     ROE Defendants are liable for Plaintiff's damages pursuant to NRS 41.130.

27.     Defendants' and/or DOE Defendants' and/or ROE Defendants' negligence was the actual and proximate cause of injuries and damages incurred by Plaintiff, resulting in medical expenses, permanent injury, lost wages, and pain and suffering in an amount in excess of $15,000.00.

28. It has been necessary for Plaintiff to retain the services of counsel to represent her in the above-entitled matter, and she should be awarded reasonable attorneys' fees and costs of suit incurred herein.

## SECOND CAUSE OF ACTION
**(Negligent Hiring, Training, and Supervision)**

29. Plaintiff repeats and realleges every allegation set forth above as though fully set forth herein.

30. At all times relevant hereto, Defendants were in control of and had a duty of care to hire, train, and supervise employees/contractors in a way designed to protect persons such as Plaintiff from harm.

31. Defendants breached their duty to Plaintiff by failing to follow safe practices in hiring, training, and supervising their employees/contractors.

32. Defendants' and/or DOE Defendants' and/or ROE Defendants' negligence was the actual and proximate cause of injuries and damages incurred by Plaintiff, resulting in medical expenses, permanent injury, lost wages, and pain and suffering in an amount in excess of $15,000.00.

33. It has been necessary for Plaintiff to retain the services of counsel to represent her in the above-entitled matter, and she should be awarded reasonable attorneys' fees and costs of suit incurred herein.

///
///
///
///
///
///
///
///
///

# PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief and judgment against Defendants as follows:

1. Compensatory damages in excess of $15,000, according to proof at trial;
2. Punitive damages;
2. Interest from the time of service of this complaint as allowed by NRS 17.130;
3. Costs of suit and attorney fees; and
4. For such other and further relief as the court may deem appropriate.

DATED March 4, 2024.

**BAY LAW ACCIDENT ATTORNEYS**

/s/ Christian A. Miles
Christian A. Miles, Esq.
Nevada Bar No. 13193
Nihat Deniz Bayramoglu, Esq.
Nevada Bar No. 14030
1540 W. Warm Springs Rd., Ste. 110
Henderson, NV 89014
*Attorneys for Plaintiff*